UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-13-TAV-DCP |
| | ) | |
| STEPHANIE WILLIS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Stephanie Willis's Unopposed Motion to Continue [Doc. 35], filed on October 14, 2026.

Defendant Willis asks the Court to continue the November 17, 2026, trial date and extend all unexpired deadlines [*Id.*]. As grounds, Defendant states that additional time is needed to for the defense to prepare for continued plea negotiations in the matter [*Id.*]. Defendant Willis understands that the length of this continuance would be excluded from the speedy trial calculation [*Id.*]. The motion relates that the Government does not oppose the requested continuance [*Id.*]. [1]

Based upon the information in Defendant Willis's motion, and because the Government does not oppose a continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would

[1] The remaining codefendant, Charles Willis, has entered a change of plea and is no longer proceeding to trial [Doc. 32, Minutes].

both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Additionally, counsel for Defendant Willis needs time to continue plea negotiations, and if plea negotiations ultimately prove unfruitful, counsel will need time to prepare for trial. The Court finds that all of this cannot occur before the November 17, 2026, trial date.

The Court therefore **GRANTS** Defendant Willis's Unopposed Motion to Continue [**Doc. 35**]. The trial of this case is reset to **February 2, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of Defendant Willis's motion on October 14, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H); & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Stephanie Willis's Unopposed Motion to Continue [**Doc. 35**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 2, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 14, 2026**, and the new trial date of **February 2, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 30, 2026**;

(5) the deadline for filing motions *in limine* is **January 15, 2027**, and responses to motions *in limine* are due on or before **January 26, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 19, 2027, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 22, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge